**FILED**
**CLERK**

4/30/2015 11:18 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BELLO DIONISIO,

                Plaintiff,

        -against-

NASSAU COUNTY, MICHAEL SPOSATO,

               Defendants.
----------------------------------------------------------------X

<u>ORDER</u>
15-CV-1954 (SJF)(SIL)

FEUERSTEIN, District Judge:

On April 7, 2015, *pro se* plaintiff Bello Dionisio ("plaintiff" or "Dionisio") filed: (1) a civil rights complaint pursuant to 42 U.S.C. § 1983 against Nassau County and Michael Sposato (collectively, "defendants"), alleging that unsanitary prison conditions purportedly existing at the Nassau County Correctional Center ("NCCC") during his incarceration there in 2011-2012 deprived him of his constitutional rights; and (2) an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of the application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee, *see* 28 U.S.C. §§ 1914(a) and 1915(a)(1), the application to proceed *in forma pauperis* is granted for the limited purpose of this order. However, for the reasons set forth below, plaintiff's complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

I.     Background

On February 10, 2012, while he was still incarcerated at the NCCC, plaintiff filed a complaint in this Court alleging, *inter alia,* that hazardous and unsanitary conditions purportedly existing at the

NCCC since his incarceration thereat on August 11, 2011 deprived him of his constitutional rights. *See Dionisio v. Sposato, et al.* ("*Dionisio I*"), 12-CV-00802 (SJF)(WDW) (Docket Entry ["DE"] 1). By order dated February 22, 2012, that action was consolidated with *Anderson, et al. v. Sposato, et al.*, 11-CV-5663 (SJF)(SIL) ("*Anderson*"), a consolidated action involving similar Section 1983 conditions of confinement claims by multiple prisoners incarcerated at the NCCC. *See Dionisio I*, 12-CV-00802 (SJF)(WDW) (DE 4).

By Order to Show Cause dated April 22, 2014, all of the consolidated plaintiffs in *Anderson*, including Dionisio, were, *inter alia*, ordered to file, on or before May 23, 2014: (1) an affidavit indicating, *inter alia*, what steps, if any, he or she pursued in the Inmate Grievance Program ("IGP") at the NCCC with respect to each claim he or she raised in that action, the date(s) on which he or she pursued each step of the NCCC's IGP, the determination(s), if any, rendered upon each step of the NCCC's IGP pursued by him or her and any reasons why he or she should be deemed to have exhausted the available administrative remedies under the NCCC's IGP; and (2) copies of each grievance form completed by him or her, every grievance receipt issued to him or her by the NCCC's Grievance Unit, every written determination received by him or her on a grievance he or she pursued and every appeal that he or she pursued, or an affidavit indicating that he or she was not in possession of such documents. *See Anderson*, 11-CV-5663(SJF)(SIL)(DE 929). By order dated May 8, 2014, the time within which the consolidated plaintiffs were required to comply with the Order to Show Cause was extended to June 23, 2014. *See Anderson*, 11-CV-5663(SJF)(SIL)(DE 949).

Although the Order to Show Cause advised the consolidated plaintiffs, including Dionisio, that a failure to comply therewith would result in his or her claims being dismissed in their entirety with prejudice pursuant to 42 U.S.C. § 1997e(a) and Rule 41(b) of the Federal Rules of Civil Procedure

2

for failure to exhaust administrative remedies and failure to comply with a court order without further notice, Dionisio did not file any response to the Order to Show Cause, nor seek an additional extension of time to comply therewith. Accordingly, by order dated August 21, 2014, *inter alia*, Dionisio's claims therein, i.e., his claims challenging the allegedly hazardous and/or unsanitary conditions existing at the NCCC during his incarceration in 2011-2012, were dismissed in their entirety with prejudice pursuant to 42 U.S.C. § 1997e(a) and Rule 41(b) of the Federal Rules of Civil Procedure for his failure to exhaust administrative remedies and to comply with a Court order. *See Anderson*, 11-CV-5663(SJF)(SIL)(DE 1042). Dionisio never sought relief from the August 21, 2014 order, e.g., by timely filing a motion for reconsideration, a notice of appeal, etc. Rather, more than seven (7) months after his Section 1983 conditions of confinement claims were dismissed with prejudice in *Anderson*, Dionisio filed the instant complaint asserting the same claims challenging the conditions of his confinement at the NCCC in 2011-2012.

II.  Discussion

A dismissal of a complaint with prejudice "has the effect of a final adjudication on the merits favorable to [the] defendant and bars future suits brought by [the] plaintiff upon the same cause of action." *Nemaizer v. Baker*, 793 F.2d 58, 60-61 (2d Cir. 1986); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001) (holding that a dismissal with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure bars the plaintiff from re-filing the same claim in the same federal court). "Such a dismissal constitutes a final judgment with the preclusive effect of *res judicata* not only as to matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit." *Nemaizer*, 793 F.2d at 61 (quotations and citation omitted); *accord Samuels v. Northern Telecom, Inc.*, 942 F.2d 834, 836 (2d Cir. 1991). Since Dionisio seeks to re-litigate the same Section 1983

conditions of confinement claims that were already dismissed by this Court with prejudice in *Anderson*, his claims in this action are now precluded. Accordingly, the complaint in this action is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

/s/
Sandra J. Feuerstein
United States District Judge

Dated: April 30, 2015
Central Islip, New York